UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARED GARCIA SALVADOR,<br><br>Petitioner(s),<br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondent(s). | CASE NO. C26-3632-KKE<br><br>ORDER GRANTING HABEAS PETITION |

This is a federal habeas action under 28 U.S.C. § 2241. Petitioner has been detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") since April 2026, and an immigration judge ("IJ") issued a form order denying bond because he found that Petitioner was a flight risk. The IJ abused his discretion in denying bond without providing a reasoned explanation to do so, and the Court will therefore grant the petition for writ of habeas corpus.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. Dkt. No. 8 ¶ 5. On an unknown date prior to August 24, 2020, Petitioner entered the United States without being admitted or paroled. *Id.* On August 24, 2020, Petitioner was apprehended by United States Border Patrol and was expelled to Mexico due to Covid-19 restrictions. *Id.* ¶ 6. Petitioner was apprehended in California, New

Mexico, or Texas by Border Patrol five more times between August 2020 and July 2022 and expelled each time due to Covid-19 restrictions. *Id.* ¶¶ 7–11.

On April 21, 2026, ICE officers encountered Petitioner during a targeted enforcement operation in Tacoma, Washington. Dkt. No. 7-3 at 5. After checking records to confirm that Petitioner had no pending or approved immigration applications permitting him to remain in the United States, ICE executed a warrant to arrest Petitioner as he left his home to enter his car. *Id.* ICE officers served Petitioner with a notice to appear and transported him to NWIPC, where he remains detained pending removal. *Id.* at 7.

Petitioner filed his first immigration habeas petition on May 12, 2026, with the help of counsel, arguing that he was entitled to consideration for release on bond under 8 U.S.C. § 1226(a). *See* Petition, *Garcia Salvador v. Mullin*, No. C26-1597-TMC (W.D. Wash. May 11, 2026), Dkt. No. 1. The court found Petitioner to be part of the *Rodriguez Vazquez* Bond Denial Class and granted his petition, ordering the Government to provide him a bond hearing. *See Garcia Salvador v. Mullin*, No. C26-1597-TMC, 2026 WL 1782073 (W.D. Wash. June 22, 2026). Petitioner received a bond hearing on June 30, 2026, and the IJ denied bond, finding that Petitioner was a flight risk. Dkt. No. 7-1. Petitioner reserved the right to appeal that order, but has not filed an appeal. Dkt. No. 8 ¶ 18. Petitioner was ordered removed to Mexico in July 2026, and Petitioner has appealed the removal order to the Board of Immigration Appeals. *Id.* ¶ 20. The appeal remains pending. *Id.*

On July 31, 2026, Petitioner then filed a second habeas petition, representing himself and challenging his arrest and initial detention. Petition, *Garcia Salvador v. Warden*, No. C26-2725-JHC (W.D. Wash. July 31, 2026), Dkt. No. 1. The court denied the second petition, finding that Petitioner "seems to raise issues regarding his initial detainment that have already been considered

in a previous habeas petition." *Garcia Salvador v. Warden*, No. C26-2725-JHC, 2026 WL 2607493, at *2 (W.D. Wash. Sep. 3, 2026).

Petitioner filed a third petition with this Court on September 26, 2026, with the help of counsel, challenging the IJ's bond determination. Dkt. No. 1. The petition is now ripe for resolution. Because the Court finds that the IJ abused his discretion in failing to provide a reasoned explanation for his flight risk finding, the Court will grant the habeas petition.

## II. ANALYSIS

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

A district court reviews an IJ's bond determination as to dangerousness and flight risk for abuse of discretion.[1] *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). When reviewing

[1] Although the Government argues that the Court should require Petitioner to exhaust administrative remedies before considering the habeas petition on its merits (Dkt. No. 6 at 6–12), the Court waives prudential exhaustion in light of the irreparable injury that might result from the continued unlawful detention the petition alleges. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004); *see also Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *3 (D. Idaho Apr. 7, 2026) (waiving administrative exhaustion requirements because "given the broader irregularities in bond hearings across the country … administrative remedies in the immigration system appear no longer efficacious"). Moreover, Petitioner has submitted multiple statements of his own and those of his family and friends, describing the harm he is experiencing while away from community support. Dkt. No. 2.

The Government also argues that this petition is an abuse of the writ because Petitioner could have challenged the IJ's bond determination in his second petition. *See Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (explaining that the "doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition" (citation modified)). The Court declines to apply this doctrine because the second petition was filed *pro se* and did not bring the same claims raised here, such that no prior court has reviewed the bond determination. If the Court were to reject this petition as successive, a fundamental miscarriage of justice would occur. *See id.*

for abuse of discretion, the district court does not re-weigh the evidence, but rather determines whether the IJ applied the correct legal standard. *See id.* at 785.

In making bond determinations, IJs consider the "*Guerra* factors":

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

In this case, the IJ checked a box indicating that bond was denied because "[Petitioner] has failed to establish that he is not a Flight Risk." Dkt. No. 7-1 at 2. There are no additional findings in writing or on the record that explain the basis for this conclusion. The failure to provide a reasoned explanation is an abuse of discretion. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014). Without any findings to review, the Court cannot determine whether the IJ properly applied the *Guerra* factors to Petitioner's circumstances. The failure to provide an explanation also hinders meaningful opportunities to seek administrative review. *See Ascencio-Zetino v. Scott*, No. 2:26-cv-02856-DGE, 2026 WL 2686835, at *4 (W.D. Wash. Sep. 14, 2026) ("It is unclear how a detainee could even make an informed decision whether to appeal without knowing the IJ's reasons for finding them a flight risk or a danger to the community.").

Here, Petitioner has lived in the United States since 2022. Dkt. No. 2 at 5. Petitioner has been offered a home with his uncle (a lawful permanent resident), who is willing to serve as his sponsor and financially support him. *Id.* at 10. Petitioner has also been offered a landscaping job once he obtains work authorization. *Id.* at 70. He has no criminal history. Dkt. No. 7-3 at 6. The

checkbox-form order issued by the IJ does not reflect consideration of the *Guerra* factors or explain how they apply to Petitioner's circumstances. This Court joins other courts in this district in finding that the IJ's failure to provide any explanation for a flight risk finding is an abuse of discretion. *See Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026) ("The Court is left to speculate concerning how the [IJ] viewed the evidence in light of the applicable factors. The Court must conclude that the [IJ] failed to do so, which constitutes an abuse of discretion."); *Ascencio-Zetino*, 2026 WL 2686835, at *4–5 ("[I]f the IJs 'issue bond denial orders without any explanation in writing or on the record, the IJs and [the Government] can expect the Court will continue to grant habeas relief.'" (quoting *Vasquez v. Scott*, No. 2:26-cv-02515-DGE, 2026 WL 2285535, at *5 (W.D. Wash. Aug. 7, 2026))).

Accordingly, the Court will grant the habeas petition. The Court finds that the appropriate remedy for Petitioner's unlawful detention is immediate release. *See Preiser*, 411 U.S. at 484 ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

## III. CONCLUSION

For these reasons, the Court GRANTS the habeas petition. Dkt. No. 1. The Government must release Petitioner no later than October 21, 2026, on reasonable conditions of supervision. The Government must file a status report no later than October 22, 2026, confirming compliance with this order.

Dated this 20th day of October, 2026.

Kymberly K. Evanson
United States District Judge